**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **CARMELLA ELAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 4:10CV1105 HEA** |
| ) | |
| **CAROLYN W. COLVIN,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION, MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the

final decision of Defendant Carolyn W. Colvin, Acting Commissioner of Social

Security, denying the applications of Plaintiff for Supplemental Security Income

(SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 405(g) <u>et seq</u>.

Plaintiff filed a Brief in Support of the Complaint. Defendant filed a Brief in

Support of the Answer.

## I.

## PROCEDURAL HISTORY

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted
for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this
suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed an application for SSI on August 4, 2006, alleging a disability onset date of September 1, 2002. Following an unfavorable determination, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On September 9, 2008, a hearing was held before an ALJ. On January 28, 2009, the ALJ found that Plaintiff was not disabled through the date of the decision. Plaintiff sought review of the ALJ's decision with the Appeals Council. On May 6, 2010, the Appeals Council denied Plaintiff's request for review. As such, the ALJ's decision stands as the final decision of the Commissioner.

## II.

## LEGAL STANDARDS

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social

Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." *Id.* "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001) (citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996))).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d); pt. 404, subpt. P, app. 1. If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her Residual Functional Capacity ("RFC"). *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled.");

*Eichelberger*, 390 F.3d at 590-91; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to produce evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3; *Young*, 221 F.3d at 1069 n.5. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Id. See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."); *Charles v. Barnhart*, 375 F.3d 777, 782 n.5 (8th Cir. 2004) ("[T]he burden of production shifts to the Commissioner at step five to submit evidence of other work in the national economy that [the claimant] could perform, given her RFC.").

Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, that decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). In *Bland v. Bowen*, 861 F.2d 533, 535 (8th Cir. 1988), the Eighth Circuit Court of Appeals held:

> [t]he concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal.

*See also Lacroix v. Barnhart*, 465 F.3d 881, 885 (8th Cir. 2006) ("[W]e may not reverse merely because substantial evidence exists for the opposite decision.") (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)); *Hartfield v. Barnhart*, 384 F.3d 986, 988 (8th Cir. 2004) ("[R]eview of the Commissioner's final decision is deferential.").

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617; *Guilliams v. Barnhart*, 393 F.3d

798, 801 (8th Cir. 2005); *McClees v. Shalala*, 2 F.3d 301, 302 (8th Cir. 1993);

*Murphy v. Sullivan*, 953 F.2d 383, 384 (8th Cir. 1992). Instead, the district court

must simply determine whether the quantity and quality of evidence is enough so

that a reasonable mind might find it adequate to support the ALJ's conclusion.

*Davis v.* <u>Apfel</u>, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228

F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ,

who is the fact-finder. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). *See*

*also Onstead v. Sullivan*, 962 F.2d 803, 804 (8th Cir. 1992) (holding that an ALJ's

decision is conclusive upon a reviewing court if it is supported by "substantial

evidence"). Thus, an administrative decision which is supported by substantial

evidence is not subject to reversal merely because substantial evidence may also

support an opposite conclusion or because the reviewing court would have

decided differently. *Krogmeier*, 294 F.3d at 1022. *See also Eichelberger*, 390

F.3d at 589; *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (quoting *Terrell*

*v. Apfel*, 147 F.3d 659, 661 (8th Cir. 1998)); *Hutsell v. Massanari*, 259 F.3d 707,

711 (8th Cir. 2001).

To determine whether the Commissioner's final decision is supported by

substantial evidence, the Court is required to review the administrative record as a

whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating

physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir.

1980); *Cruse v. Bowen*, 867 F.2d 1183, 1184-85 (8th Cir. 1989).

Additionally, an ALJ's decision must comply "with the relevant legal

requirements." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

The Social Security Act defines disability as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected  to result in death or has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When evaluating evidence of pain, the ALJ must consider:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and
>
> (5) the claimant's functional restrictions.

*Baker v. Sec'y of Health & Human Servs.*, 955 F.2d. 552, 555 (8th Cir. 1992); *Polaski*, 739 F.2d at 1322. The absence of objective medical evidence is just one factor to be considered in evaluating the plaintiff's credibility. *Id.* The ALJ must also consider the plaintiff's prior work record, observations by third parties and treating and examining doctors, as well as the plaintiff's appearance and demeanor at the hearing. *Polaski*, 739 F.2d at 1322; *Cruse*, 867 F.2d at 1186.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints. *Guilliams*, 393 F.3d at 801; *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004); *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003); *Hall v. Chater*, 62 F.3d 220, 223 (8th Cir. 1995). It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence. Robinson, 956 F.2d at 841; *Butler v. Sec'y of Health & Human Servs.*, 850 F.2d 425, 429 (8th Cir. 1988). The ALJ, however, "need not explicitly discuss each Polaski factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). *See also Steed*, 524 F.3d at 876 (citing *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000)). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988); *Millbrook v. Heckler*, 780 F.2d 1371, 1374 (8th Cir. 1985).

RFC is defined as what the claimant can do despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(b)-(e). The Commissioner must show that a claimant who cannot perform his or her past relevant work can perform

other work which exists in the national economy. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006); *Nevland*, 204 F.3d at 857 (citing *McCoy v. Schweiker*, 683 F.2d 1138, 1146-47 (8th Cir. 1982) (en banc)). The Commissioner must first prove that the claimant retains the RFC to perform other kinds of work. *Goff*, 421 F.3d at 790; *Nevland,* 204 F.3d at 857. The Commissioner has to prove this by substantial evidence. *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983). Second, once the plaintiff's capabilities are established, the Commissioner has the burden of demonstrating that there are jobs available in the national economy that can realistically be performed by someone with the plaintiff's qualifications and capabilities. *Goff*, 421 F.3d at 790; *Nevland,* 204 F.3d at 857.

To satisfy the Commissioner's burden, the testimony of a vocational expert may be used. An ALJ posing a hypothetical to a vocational expert is not required to include all of a plaintiff's limitations, but only those which he finds credible. *Goff*, 421 F.3d at 794 ("[T]he ALJ properly included only those limitations supported by the record as a whole in the hypothetical."); *Rautio*, 862 F.2d at 180. Use of the Medical-Vocational Guidelines is appropriate if the ALJ discredits the plaintiff's subjective complaints of pain for legally sufficient reasons. *Baker v. Barnhart*, 457 F.3d 882, 894-95 (8th Cir. 2006); *Carlock v. Sullivan*, 902 F.2d 1341, 1343 (8th Cir. 1990); *Hutsell v. Sullivan*, 892 F.2d 747, 750 (8th Cir. 1989).

# III.

## DISCUSSION

The issue before the court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. *Onstead*, 962 F.2d at 804.  Thus, even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the Court must affirm the decision as long as there is substantial evidence in favor of the Commissioner's position. *Cox*, 495 F.3d at 617; *Krogmeier*, 294 F.3d at 1022.

Plaintiff testified at the hearing that she had two surgeries on her right knee and one on her left, that she used crutches since falling the previous Sunday.  She further testified that she had been hospitalized twice in the year of the hearing for her heart, and once in the previous year.  Plaintiff further testified that she graduated from high school, she could do basic math and that she had completed a trade course at United Business College in 1987.  Plaintiff weighed 279 pounds and was 5'4" tall.  Plaintiff had last work ten years prior to the hearing in housekeeping at hotels.  During her employment, Plaintiff was on her feet, except during lunch.

With respect to her claims of disability, Plaintiff testified that she had trouble with her knees and she was short of breath.  Her shortness of breath

occurred sometimes while she was sitting, doing nothing.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 4, 2006; that she had the severe impairments of osteoarthritis and obesity, with a history of congestive heart failure; that she did not have an impairment or combination of impairments that met or medically equaled a listed impairment; that Plaintiff had the RFC to perform the full range of sedentary work[2]; that Plaintiff had no past relevant work, there is work in the national economy which Plaintiff can perform; and that, therefore, Plaintiff is not disabled.

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ failed to sufficiently cite medical evidence to support his RFC determination but rather relied on the non-medical evidence of an RFC

_____

[2] 20 C.F.R. § 404.1567(a) defines sedentary work as follows: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." Indeed, SSR 85-15, 1985 WL 56857, at *5, states that "[w]here a person has some limitation in climbing and balancing and it is the only limitation, it would not ordinarily have a significant impact on the broad world of work. ... If a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact." The sitting requirement for the full range of sedentary work "allows for normal breaks, including lunch, at two hour intervals." *Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005) (citing SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996)). Additionally the range of sedentary jobs requires a claimant "to be able to walk or stand for approximately two hours out of an eight-hour day. The need to alternate between sitting and standing more frequently than every two hours could significantly erode the occupational base for a full range of unskilled sedentary work." *Id*. at 997 (citing 1996 WL 374185 at *7).

assessment completed by a state agency disability counselor; because the ALJ

failed to complete a function-by-function assessment of RFC; because the ALJ

failed to properly evaluate the functional effects of Plaintiff's congestive heart

failure and knee impairments when assessing RFC and failed to consider the

combined effect of Plaintiff's impairments; because the ALJ failed to complete a

mental RFC assessment, failed to include in his RFC finding the limitations

assessed by the psychological consultant and failed to properly evaluate evidence

of Plaintiff's mental impairment;  The ALJ failed to include a narrative discussion

of his rationale of RFC.  Plaintiff further contends that the ALJ erred in failing to

obtain the testimony of a vocational expert at step five of the sequential evaluation

process despite the existence of significant nonexertional impairments.

### A.    Plaintiff's Credibility:

The Court will first consider the ALJ's credibility determination, as the

ALJ's evaluation of Plaintiff's credibility was essential to the ALJ's determination

of other issues, including Plaintiff's RFC. *See Wildman v. Astrue*, 596 F.3d 959,

969 (8th Cir. 2010) ("[The plaintiff] fails to recognize that the ALJ's determination

regarding her RFC was influenced by his determination that her allegations were

not credible.") (citing *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005)); 20

C.F.R. §§ 404.1545, 416.945 (2010).  As set forth more fully above, the ALJ's

credibility findings should be affirmed if they are supported by substantial evidence on the record as a whole; a court cannot substitute its judgment for that of the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Hutsell*, 892 F.2d at 750; *Benskin,* 830 F.2d at 882. To the extent that the ALJ did not specifically cite *Polaski*, case law, and/or Regulations relevant to a consideration of Plaintiff's credibility, this is not necessarily a basis to set aside an ALJ's decision where the decision is supported by substantial evidence. *Randolph v. Barnhart*, 386 F.3d 835, 842 (8th Cir. 2004); *Wheeler v. Apfel*, 224 F.3d 891, 895 n.3 (8th Cir. 2000)*; Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Montgomery v. Chater*, 69 F.3d 273, 275 (8th Cir. 1995). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [a court] will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). *See also Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). For the following reasons, the Court finds that the reasons offered by the ALJ in support of his credibility determination are based on substantial evidence.

The ALJ found that Plaintiff's statements regarding the intensity,

persistence and limiting effects of Plaintiff's impairments were not entirely credible. First, upon considering Plaintiff's credibility, the ALJ noted that although Plaintiff had knee surgeries, there were no findings or abnormalities noted on Plaintiff's exams. Plaintiff's musculoskeletal findings from the consultive physical examination were essentially normal. Plaintiff's gait was abnormal, but she used no assistive device.

Second, regarding Plaintiff's allegation of depression, the ALJ noted that Plaintiff was admitted to the hospital in 2005 with suicidal ideation. He had been depressed and using a lot of drugs and alcohol. She participated in therapy, took medication and improved. Conditions which can be controlled by treatment are not disabling. *See Harris v. Heckler*, 756 F.2d 431, 435-36 n.2 (6th Cir. 1985). *See also Murphy*, 953 F.2d 383, 384 (8th Cir. 1992); *Warford v. Bowen*, 875 F.2d 671, 673 (8th Cir. 1989)( holding that a medical condition that can be controlled by treatment is not disabling); *James for James v. Bowen*, 870 F.2d 448, 450 (8th Cir. 1989). Plaintiff did not see a psychiatrist, psychologist, counselor, or therapist. There was no evidence of prescription medication for depression. The failure to seek regular medical assistance for an alleged impairment is reason to discredit a claimant's allegation of a disabling condition. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). The court finds that the ALJ's decision, in

this regard, is based on substantial evidence and consistent with the Regulations and case law.

Third, with respect to Plaintiff's heart problem and high blood pressure, Plaintiff's hypertension was controlled, and her congestive heart failure was stable by January, 2006. However, the record contains various details of Plaintiff's noncompliance with her medications. For example, in July, 2006, Plaintiff had not taken any medication since February, 2006. Plaintiff was advised to quit smoking and lose weight. Plaintiff apparently did neither. A lack of desire to improve one's ailments by failing to follow suggested medical advice detracts from a claimant's credibility. *See Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989) (holding that the ALJ can discredit subjective complaints of pain based on claimant's failure to follow prescribed course of treatment); *Weber v. Harris*, 640 F.2d 176, 178 (8th Cir. 1981). The court finds that the ALJ's decision, in this regard, is based on substantial evidence and consistent with the Regulations and case law.

Fourth, no doctor opined that Plaintiff was unable to work. A record which contains no physician opinion of disability detracts from claimant's subjective complaints. *See Brown v. Chater*, 87 F.3d 963, 964-65 (8th Cir.1996) (lack of significant restrictions imposed by treating physicians supported the ALJ's

decision of no disability); *Edwards v. Secretary of Health & Human Services*, 809 F.2d 506, 508 (8th Cir. 1987); *Fitzsimmons v. Mathews*, 647 F.2d 862, 863 (8th Cir. 1981).

In conclusion, the court finds that the ALJ's consideration of Plaintiff's credibility is based on substantial evidence and that it is consistent with the Regulations and case law.

**B.    Plaintiff's RFC:**

The ALJ found the Plaintiff had the RFC to perform a full range of sedentary work.  The Regulations define RFC as "what [the claimant] can do" despite his or her "physical or mental limitations."  20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001).  "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). *See also Anderson v. Shalala*, 51 F.3d. 777, 779 (8th Cir. 1995). As set forth above, with regard to Plaintiff's credibility and with regard to whether

she met or equaled a Listing, the ALJ considered the extent to which Plaintiff's allegations were credible in view of the record as a whole, including doctors' objective findings and Plaintiff's description to doctors of her symptoms and abilities. Only after doing so, did the ALJ determine Plaintiff's RFC. Thus, Plaintiff's argument that the ALJ substituted a credibility determination for an RFC analysis is without merit. As set forth above, the ALJ complied with the Regulations when he evaluated Plaintiff's credibility prior to determining his RFC. *See Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("Before determining a claimant's RFC, the ALJ first must evaluate the claimant's credibility.").

Although assessing a claimant's RFC is primarily the responsibility of the ALJ, a "'claimant's residual functional capacity is a medical question.'" *Lauer*, 245 F.3d at 704 (quoting *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)). The Eighth Circuit clarified in *Lauer*, 245 F.3d at 704, that "'[s]ome medical evidence,' *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam), must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace,' *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000)." Thus, an ALJ is "required to consider at least some supporting evidence from a professional." *Id.*

*See also Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) ("The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC."); *Eichelberger*, 390 F.3d at 591. In particular, the ALJ in the matter under consideration noted that Plaintiff's record established that she was never given any medication for her alleged depression; that no physician ever determined that she was disabled; that her congestive heart failure and high blood pressure were controlled by medication; that Plaintiff was never told to use an assistive aid for walking. Thus, the ALJ's consideration of Plaintiff's medical records, upon his determining Plaintiff's RFC, is based on substantial evidence and consistent with the requirements of the Regulations and case law. *See Eichelberger*, 390 F.3d at 591; *Lauer*, 245 F.3d at 704; *Singh*, 222 F.3d at 451. Further, the court finds that Plaintiff's argument that the ALJ failed to sufficiently cite medical evidence when determining Plaintiff's RFC is without merit. The ALJ clearly considered the medical evidence of record. To the extent the ALJ may not have mentioned any particular matter reported by a doctor, this does not mean the ALJ did not consider such evidence. *See Moore ex rel. Moore v. Barnhart*, 413 F.3d 718, 721 n.3 (8th Cir. 2005) ("The fact that the ALJ's decision does not specifically mention the [particular listing] does not affect our review.");

*Montgomery v. Chater*, 69 F.3d 273, 275 (8th Cir. 1995).

"RFC is an issue only at steps 4 and 5 of the sequential evaluation process." *Id.* at n.3. As stated above, at step 4 the claimant has the burden of persuasion to demonstrate his or her RFC. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "If a claimant establishes [his] inability to do past relevant work, then the burden of proof shifts to the Commissioner." *Goff*, 421 F.3d at 790 (citing *Eichelberger*, 390 F.3d at 591). In contrast to the first four steps of the sequential evaluation where the claimant carries the burden of proof, the Commissioner has the burden of production at step 5. *Charles v. Barnhart*, 375 F.3d 777, 782 n.5 (8th Cir. 2004). At step 5, "[t]he burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner." *Goff*, 421 F.3d at 790. Also, at step 5, where a claimant's RFC is expressed in terms of exertional categories, it must be determined whether the claimant can do the full range of work at a given exertional level. The claimant must be able to "perform substantially all of the exertional and nonexertional functions required in work at that level. Therefore, it is necessary to assess the individual's capacity to perform each of these functions in order to decide which exertional level is appropriate and whether the individual is capable of doing the full range of work contemplated by the exertional level."

Id. In any case, "[a] disability claimant has the burden to establish [his or] her RFC." *Eichelberger*, 390 F.3d at 591 (citing *Masterson*, 363 F.3d at 737). *See also Vossen*, 612 F.3d at 1016.

Upon making an RFC assessment, an ALJ must first identify a claimant's functional limitations or restrictions, and then assess his or her work-related abilities on a function-by-function basis. *See Masterson*, 363 F.3d at 737; *Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004). The RFC need only include a plaintiff's credible limitations. *See Tindell v. Barnhart*, 444 F.3d 1002, 1007 (8th Cir. 2006) ("The ALJ included all of [Plaintiff]'s credible limitations in his RFC assessment, and the ALJ's conclusions are supported by substantial evidence in the record."). The ALJ found that, consistent with these requirements. As such, the ALJ proceeded to determine Plaintiff's exertional level. When doing so, the ALJ considered that Plaintiff's doctors had not imposed any limitations. Moreover, the ALJ considered that prescribed medications improved Plaintiff's condition. The ALJ also considered that Plaintiff's doctors advised Plaintiff stop smoking and lose weight. None of Plaintiff's physician's indicated additional limitations from those included in the ALJ's RFC determination. The ALJ's assessment of Plaintiff's RFC is based upon and is consistent with all of the relevant evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) ("The Commissioner

must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.") (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir.1995). Although Plaintiff argues that the ALJ did not properly perform a function-by-function assessment of Plaintiff's RFC, the ALJ considered the medical evidence, observations of doctors, and Plaintiff's own description of her conditions upon determining Plaintiff's RFC. *See Lauer*, 245 F.3d at 703. The court finds that the ALJ's decision, in this regard, is based on substantial evidence. The medical evidence is inconsistent with Plaintiff's allegations of disabling conditions. As such, this Court finds that the ALJ's RFC determination is based upon substantial evidence and that it is consistent with the Regulations and case law and that all arguments which Plaintiff makes to the contrary are without merit.

## C.    Plaintiff's Failure to Meet or Equal a Listing:

As discussed above, the Commissioner must sequentially consider, at step 2, whether he has a medically severe impairment that meets the duration requirement and, at step 3, whether his impairment meets or equals one of the impairments listed in Appendix 1 to 20 C.F.R. Part 404. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Goff*, 421 F.3d at 789-90; 20 C.F.R. § 404.1520. If the claimant

has a severe impairment which meets or medically equals a Listing, the claimant is conclusively presumed to be disabled. *Bowen*, 482 U.S. at 141. On the other hand, if the impairment is not one that meets or equals one of the Listings, the Commissioner must determine whether the impairment prevents the claimant from performing work that he has performed in the past or whether he is able to perform other work in the national economy in view of his age, education, and work experience. *Id.* at 141-42.

The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). Furthermore, the ALJ concluded, after consideration of the entire record that Plaintiff had the residual functional capacity t perform the full range of sedentary work.

## IV.

## CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence in the record as a whole supports Commissioner's decision that Plaintiff is **not** disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the relief sought by Plaintiff in her

Complaint and Brief in Support of Plaintiff's Complaint is **DENIED**.

**A** separate judgment in accordance with this Opinion, Memorandum and

Order will be entered this same date.

Dated this 21st day of March, 2013

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE